IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | Criminal No: 3:14-625 |
|---|---|
| v. | **PLEA AGREEMENT** |
| **CHARLES HENRY ROSS** | |

### General Provisions

This PLEA AGREEMENT is made this ____ day of _____, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney James Hunter May; the Defendant, **CHARLES HENRY ROSS**, and Defendant's attorney, Allen Burnside.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 2 of the Indictment now pending, which charges "travel with the intent to engage in illicit sexual conduct," a violation of Title 18, United States Code, § 2423(b).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 2

a. the defendant traveled in interstate commerce;

-1-

b.  for the purpose of engaging in any illicit sexual conduct with another person.

The penalty for this offense is:

MAXIMUM SENTENCE THIS COUNT FINE OF $250,000 (18 U.S.C. 3571) AND/OR IMPRISONMENT FOR NOT MORE THAN 30 YEARS AND A TERM OF SUPERVISED RELEASE OF NOT LESS THAN 5 YEARS OR LIFE (18 U.S.C. 3583) PLUS A SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. 3013).

2.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that

any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other

indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

5. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crime, stemming from the incidents in or around August 2014 that relate to the identified victim in the present case, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon

-4-

the South Carolina Attorney General's Office. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by the South Carolina Attorney General's Office.

6. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to

this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. Defendant also understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

9. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 180 months actual incarceration, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw his FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter;

that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11/4/2014
Date

_____
CHARLES HENRY ROSS, DEFENDANT

11/4/14
DATE

_____
ALLEN BURNSIDE
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

11/4/14
Date

_____
JAMES HUNTER MAY (#11355)
ASSISTANT UNITED STATES ATTORNEY

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 3:14-625 |
| DEFENDANT'S NAME: | CHARLES HENRY ROSS |
| PAY THIS AMOUNT: | $100.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
Clerk's Office
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (Do Not send cash)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*